# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| LESLIE HERMAN, | Case No. 1:15-cv-00456-AWI-SAB |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING PETITIONER'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b) |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | ORDER DIRECTING PETITIONER TO SERVE A COPY OF FINDINGS AND RECOMMENDATIONS ON PLAINTIFF |
| Defendant. | (ECF No. 26, 27) |
| | OBJECTIONS DUE WITHIN THIRTY DAYS |

Jacqueline A. Forslund ("Counsel" or "Petitioner"), attorney for Plaintiff Leslie Herman ("Plaintiff"), filed the instant motion for attorney fees on October 25, 2018. Counsel requests fees in the net amount of $2,026.60 pursuant to 42 U.S.C. § 406(b)(1). Plaintiff has not objected to the request. On November 19, 2018, Defendant Social Security Commissioner, as a de facto trustee for Plaintiff, filed a response to Petitioner's motion providing an analysis of the fee request.

**I.**

**BACKGROUND**

Plaintiff filed the instant complaint challenging the denial of social security benefits on March 24, 2015. (ECF No. 1.) On January 4, 2016, the parties stipulated to remand this action

to the Commissioner for further administrative proceedings. (ECF No. 21.) The Court remanded the case and entered judgment in Plaintiff's favor on January 5, 2016. (ECF Nos. 22, 23.) On January 25, 2016, attorney fees in the amount of $1,273.40 were awarded pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

On remand, the ALJ found that Plaintiff was disabled as of August 8, 2012, and past benefits were awarded in the amount of $46,354.00. (ECF No. 26 at 1-12.) The Commissioner withheld $11,55.50 from the past-due benefit for attorney fees. (Id. at 14.) Petitioner filed a motion for attorney fees on October 25, 2018, which was served on Plaintiff Leslie Herman. (Id. at 7.) In the instant motion, Petitioner seeks an additional $2,026.60 which is a gross award of $3,300.00 for work performed in this action. (Id. at 4.)

## II.

## LEGAL STANDARD

In relevant part, 42 U.S.C. § 406(b)(1)(A) provides that when a federal court "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney," the court may allow reasonable attorney fees "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." The payment of such award comes directly from the claimant's benefits. 42 U.S.C. § 406(b)(1)(A).

The Supreme Court has explained that a district court reviews a petition for section 406(b) fees "as an independent check" to assure that the contingency fee agreements between the claimant and the attorney will "yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). The district court must respect "the primacy of lawful attorney-client fee agreements," and is to look first at the contingent-fee agreement, and then test it for reasonableness." Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009). Agreements seeking fees in excess of twenty-five percent of the past-due benefits awarded are not enforceable. Crawford, 586 F.3d at 1148. The attorney has the burden of demonstrating that the fees requested are reasonable. Gisbrecht, 535 U.S. at 808; Crawford, 586 F.3d at 1148.

In determining the reasonableness of an award, the district court should consider the character of the representation and the results achieved. Gisbrecht, 535 U.S. at 800. Ultimately,

an award of section 406(b) fees is offset by an award of attorney fees granted under the EAJA. Gisbrecht, 535 U.S. at 796.

The Ninth Circuit has identified several factors that a district court can examine under Gisbrecht in determining whether the fee was reasonable. In determining whether counsel met his burden to demonstrate that the requested fees are reasonable, the court may consider (1) the standard of performance of the attorney in representing the claimant; (2) whether the attorney exhibited dilatory conduct or caused excessive delay which resulted in an undue accumulation of past-due benefits; and (3) whether the requested fees are excessively large in relation to the benefits achieved when taking into consideration the risk assumed in these cases. Crawford, 586 F.3d at 1151.

## III.

## DISCUSSION

The Court has conducted an independent check to insure the reasonableness of the requested fees in relation to this action. Gisbrecht, 535 U.S. at 807. Here, the fee agreement between Plaintiff and Petitioner provides for a fee "totaling up to 25% of all past due benefits, pursuant to 42 U.S.C. § 406(b), if the CLIENT is awarded benefits" after the action is remanded back to the Social Security Administration for further proceedings. (Fee Agreement & Contract, attached to Motion, ECF No. 26 at 9.) Plaintiff has been awarded benefits from February 2013 through July 2018 in the amount of $46,354.00. (ECF No. 27 at 13.) In determining the reasonableness of the fees requested, the Court is to apply the test mandated by Gisbrecht.

There is no indication that a reduction of fees is warranted for substandard performance. Counsel is an experienced, competent attorney who secured a successful result for Plaintiff. Although this action does involve five years of backpay, there is no indication that Counsel was responsible for any substantial delay in the court proceedings. In fact, the parties stipulated to remand the action on the confidential briefing. Plaintiff agreed to a 25 percent fee at the outset of the representation and Petitioner is seeking a net payment of $2,026.60. Considering the prior award of $1,273.40, the total amount sought by Petitioner is $3,300.00, which is 7% of the backpay award. A fee of $3,300.00 is not excessively large in relation to the past-due award of

1  $46,354.00. In making this determination, the Court recognizes the contingent nature of this
2  case and Counsel's assumption of the risk of going uncompensated. <u>Hearn v. Barnhart</u>, 262
3  F.Supp.2d 1033, 1037 (N.D. Cal. 2003).

In support of the motion, Petitioner submits a log of the time spent in prosecuting this action. (ECF No. 26 at 17.) The log demonstrates that Petitioner spent 6.7 hours on this action. (<u>Id.</u>) When considering the total amount requested by Petitioner, the fee request translates to $492.54 per hour for Petitioner's services in this action. In <u>Crawford</u>, the appellate court found that a fee of $875 and $902 per hour, for time of both attorneys and paralegals, was not excessive. <u>Crawford</u>, 486 F.3d at 1152 (dissenting opinion).

The Court finds that the requested fees are reasonable when compared to the amount of work Petitioner performed in representing Plaintiff in court. Petitioner's representation of the claimant resulted in the action being remanded for further proceedings and ultimately benefits were awarded. Counsel also submitted a detailed billing statement which supports her request. (ECF No. 26 at 17.)

The award of Section 406(b) fees is offset by any prior award of attorney fees granted under the EAJA. 28 U.S.C. § 2412; <u>Gisbrecht</u>, 535 U.S. at 796. In this instance, Petitioner has previously been awarded $1,273.70 in EAJA fees and the award of fees under Section 406(b) must be offset in that amount.

## VI.

## CONCLUSION AND RECOMMENDATION

For the reasons stated above, the Court finds that the fees sought by Petitioner pursuant to Section 406(b) are reasonable. Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion for a net award of attorney fees pursuant to Section 406(b) in the amount of $1,273.70 be GRANTED; and

2. Pursuant to counsel's request, this amount should be paid directly to Jacqueline A. Forslund. The Commissioner should remit to Plaintiff the remainder of her withheld benefits.

| | |
|---|---|
| 1 | Further, IT IS HEREBY ORDERED that Petitioner shall serve a copy of this findings and recommendations on Plaintiff and file notice of such service within **five (5) days** of entry of the findings and recommendations on the docket. |

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **thirty (30) days** of service of this recommendation, any party may file written objections to this findings and recommendations with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 21, 2018**

UNITED STATES MAGISTRATE JUDGE